USDC SCAN INDEX SHEET







VARGAS

ELC   4/27/98   9:18
3:98-CV-00789
*1*
*CMP.*

SEAN T. O'BRYAN (State Bar No. 116065)
Attorney at Law
701 "B" Street, Suite 1050
San Diego, California 92101
Telephone (619) 231-3479

Attorney for Plaintiff

FILED

ORIGINAL

APR 24 1998

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

98 CV 0789 E (AJB)

| | |
|---|---|
| RICHARD VARGAS, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | |
| TANIMURA & ANTLE, INC., a California Corporation, | [JURY TRIAL DEMANDED] |
| Defendant. | |

FIRST CLAIM
(Violation of Statutory Duties under 42 U.S.C §1981a,
12101 et seq. - the Americans with Disabilities Act)

Plaintiff alleges:

1. Plaintiff RICHARD VARGAS, is, and at all times herein mentioned was, a resident of San Diego County California.

2. Defendant TANIMURA & ANTLE, INC. is, and was at all times herein mentioned, a corporation organized and existing under the laws of the State of California with its principal place of business in California. Defendant was at all times herein mentioned an employer within the meaning of Title 42 U.S.C. 12111(5)(A) in that Defendant engaged in a business affecting interstate commerce. At all times herein mentioned

1

Defendant did business under the fictitious name Salad Time Farms as well as its own name.

3. At all times herein mentioned Defendant employed more than twenty-five employees for each working day in each of twenty or more calendar weeks in 1996. Plaintiff is informed and believes, and thereon alleges, at all times herein relevant Defendant employed more than five hundred employees for each working day in each of twenty or more calendar weeks in 1996.

4. This court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) (3) in that Defendant does business in this district and may be found in this district.

5. This action is brought pursuant to the Americans with Disabilities Act of 1990 (ADA), Title 42 U.S.C. §12101 et seq., to obtain monetary relief for Plaintiff for employment discrimination by Defendant against Plaintiff. Defendant intentionally refused to hire Plaiintiff for available work with Defendant because of Plaintiff's physical disability, in violation of Title 42 U.S.C. §12112(a). Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs of suit pursuant to Title 42 U.S.C. §12117(a) which incorporate the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 United States Code §2000e-5(g) and (k) and 42 U.S.C §1981a.

6. On September 19, 1996 Plaintiff timely filed an administrative claim with the Equal Opportunity Employment

1  Commission (EEOC) in San Diego, California charging that
2  Defendant had discriminated against Plaintiff because of
3  Plaintiff's disability in violation of the Americans with
4  Disabilities Act.  On January 27, 1998, the EEOC issued
5  Plaintiff a right to sue letter permitting Plaintiff to file
6  this action.
7       7.   Plaintiff is, and was at all times herein relevant
8  since January 7, 1996, disabled within the meaning of Title 42
9  U.S.C. §12102(2) in that he has a record of a physical
10 disability which substantially limits one or more of his major
11 life activities, in that on January 7, 1996 Plaintiff had four
12 fingers of his right (dominant) hand partially amputated.
13      8.   Plaintiff was originally hired by Defendant in 1993
14 and worked for Defendant through January 7, 1996 when
15 Plaintiff became disabled because his fingers were amputated
16 at work by a machine operated at Defendant's plant.  On
17 January 7, 1996 Plaintiff was working for Defendant as a
18 lettuce trimmer.  After Plaintiff was injured and became
19 disabled he was unable to do the work he previously was doing
20 for Defendant TANIMURA & ANTLE, INC. as a lettuce trimmer.
21 On or about January 23, 1996 and January 24, 1996, Plaintiff
22 Richard Vargas, after he had received a release from his
23 doctor to perform one-handed work, applied for such work with
24 Defendant and began training for such work.  Plaintiff
25 specifically applied for a quality control position with
26 Defendant which he had been told was available by managing
27 agents of Defendant.  Plaintiff was able on January 23,
28 1996 and January 24, 1996, and thereafter, to perform the

essential duties of the quality control work he applied for with or without reasonable accommodation and was a qualified individual with a disability on Janaury 23, 1996 and January 24, 1996 at that time within the meaning of Title 42 U.S.C. 12111(8).

9. On or about January 24, 1996 Defendant TANIMURA & ANTLE, INC. through its managing agent and supervisor, Michael McKague, intentionally discriminated against Plaintiff because Plaintiff was physically disabled and refused to hire Plaintiff for work for which Plaintiff was qualified and terminated his employment with Defendant. Defendant engaged in this conduct with malice and in wilful, conscious and reckless disregard of Plaintiff's rights under the ADA in that Defendant knew Plaintiff was qualified and able to the job Plaintiff applied for and Defendant and Michael McKague refused to hire Plaintiff because he was not a whole person according to Defendant and Defendant believed it could hire an individual without a disability, that is, a whole person according to Defendant, to do the job Plaintiff applied for. At the time Defendant refused to employ Plaintiff Richard Vargas because he had a physical disability, Michael McKague was acting within the scope of his authority as a managing agent and supervisor of Defendant and his conduct was authorized and ratified by Defendant.

10. The conduct of the Defendant alleged herein legally caused Plaintiff injury and harm including lost wages from January 25, 1996 through the present (back pay) in an amount to be proved and lost earning capacity in the future (front

4

pay) all to his damage in an amount to be proved.

11. The conduct of the Defendant alleged herein legally caused Plaintiff injury and harm including shock to his nervous system, mental and emotional distress harm including humiliation, anger, frustration, anxiety, and depression which was manifested in physical symptoms including loss of sleep and appetite and weeping all to his damage in an amount to be proved. Plaintiff claims compensatory damages for this injury and harm pursuant to Title 42 U.S.C. 1981a(b).

12. The conduct of the Defendant alleged herein further legally caused Plaintiff damages in the nature of attorney's fees and expenses which he has incurred and will continue to incur in an amount to be proved and which are claimed pursuant to Title 42 U.S.C. 12117(a).

13. The Defendant's conduct alleged herein was malicious and wilful, conscious, and reckless disregard of Plaintiff's federally protected rights. Plaintiff is informed and believes, and thereon alleges, Defendant had a history before January 24, 1996 of not rehiring employees injured on the job who became disabled in disregard of their rights as disabled individuals and Plaintiff was one more such individual not hired because of his disability. Plaintiff claims punitive damages against Defendant to punish it and make an example of it in an amount to be established pursuant to Title 42 U.S.C. 1981a(b).

WHEREFORE, Plaintiff prays as follows against Defendant:

1. For compensatory damages and punitive damages according to proof in the total amount of $300,000;

2. For back pay and past lost wages in an amount to be proved;

3. For front pay and future lost earnings in an amount to be proved;

4. For attorney's fees and expenses according to proof;

5. For interest according to proof;

6. For such other and further relief as the court deems proper.

JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial in this case pursuant to all law which permits him to have jury trial.

Dated: 4/24/98

Sean T. O'Bryan, Attorney for Plaintiff

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
RICHARD VARGAS

## DEFENDANTS
TANIMURA & ANTLE, INC., A California corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Not applicable
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sean T. O'Bryan
701 'B" Street, Suite 1050
San Diego, CA 92101
(619) 231-3479  Bar No. 116065

ATTORNEYS (IF KNOWN)

FILED '98 CV 0789 E (AJB)
APR 24 1998

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. sec. 12101 et seq. 42:2000e Claim for Discrimination in Employment by Plaintiff against Defendant based on Defendant's failure to hire Plaintiff because of Plaintiff's disability in violation of the ADA.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 300,000 plus

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 4/24/98

SIGNATURE OF ATTORNEY OF RECORD: Sean T. O'Bryan

UNITED STATES DISTRICT COURT